UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                DECISION AND ORDER

                                                                                03-CR-6130L
                                                                                07-CV-6073L
                v.

JOHNNIE MOORE,

                              Defendant.
_____

       On February 9, 2007, defendant Johnnie Moore ("Moore") filed a petition, *pro se,* pursuant to 28 U.S.C. § 2255 to vacate the judgment entered in this case. The petition is dismissed.

       On September 2, 2003, Moore pleaded guilty, pursuant to a written Plea Agreement to a one-count Information charging him with possession with intent to distribute 5 grams or more of cocaine base. Because Moore had previously been convicted of a drug felony, his potential punishment was enhanced.[1] Because of the prior conviction, Moore faced a mandatory minimum term of 10 years imprisonment and a maximum potential sentence of life imprisonment.

---

[1] Prior to entry of the plea, the Government filed an Information pursuant to 21 U.S.C. § 851. This information put defendant on notice that the Government intended to rely on his prior drug conviction in federal court in 1992 of conspiracy to distribute cocaine, which subjected him to enhanced punishment in the instant case.

Based on Moore's prior record (Criminal History Category III) and the relevant conduct (20-35 grams of cocaine base), the Sentencing Guidelines were determined to be 70-87 months but, of course, Moore remained subject to the mandatory 10-year minimum sentence.

The Plea Agreement also contained a cooperation provision; if Moore provided substantial assistance, the Government agreed to file a motion for departure pursuant to 5K of the Guidelines and 18 U.S.C. § 3553(e). In fact, Moore did cooperate and his sentence was adjourned repeatedly to allow him to complete that cooperation. Because of that cooperation, the Government did move for a departure, and the Court *granted* the motion on January 13, 2005, and sentenced Moore to 60 months imprisonment. Based on Moore's cooperation, the Court reduced his sentence from the mandatory 10 years to a term of 5 years.

In Moore's petition, he cites ineffective assistance of counsel because his lawyer did not appeal the judgment. Although Moore references ineffective assistance, he is essentially asking the Court to now reconsider his sentence. Moore asks this Court to "reduce the sentence" because both the Government and his lawyer requested a greater departure based on cooperation than the Court ultimately granted. He seeks now to "throw [himself] at the mercy of the Court."

There is no basis here for relief. Moore received a substantial reduction for his cooperation. The plea agreement contained an appeal waiver (Section VIII) precluding Moore from filing an appeal or commencing a collateral proceeding as long as the sentence was less than the Guideline range and statutory minimum set forth. Obviously, this Court's sentence was well below that range.

Basically, the only ground for this petition is defendant's present dissatisfaction with the amount of the reduction that the Court gave him for his cooperation. Such a claim does not state

a viable claim under § 2255.  Furthermore, even if I could now alter the sentence imposed, I would not do so.  The reduction afforded Moore, based on his prior record, was quite generous.

CONCLUSION

The petition of Johnnie Moore pursuant to 28 U.S.C. § 2255, which seeks to vacate the Judgment entered on January 14, 2005 is dismissed. I decline to issue a certificate of appealability because Moore has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 21, 2007.